ACCEPTED
03-14-00270-CV
5054620
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/27/2015 10:47:14 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00270-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/27/2015 10:47:14 PM
JEFFREY D. KYLE
Clerk

| | | |
|---|---|---|
| IN RE | ) | IN THE 3rd COURT OF APPEALS |
| | ) | |
| | ) | |
| | ) | |
| CHRISTOPHER GRAHAM | ) | |

## MOTION TO EXTEND TIME

**TO THE HONORABLE JUDGE OF SAID COURT**:

**NOW COMES** CHRISTOPHER GRAHAM, and request the Court to grant his Motion to Extend Time pursuant to Tex. R. App. Proc. 10.5(b), and shows the following:

### I.

Tex. R. App. Proc. 10.5(b) states the requirements for motions to extend time. Furthermore, with regards to motions to extend time to file a brief, such motions may be filed before or after the deadline, Tex. R. App. Proc. 38.6(d). The deadline for filing appellant's brief was on or around 4/27/2015. Appellant has filed an Application for Habeas Corpus in the trial court on 3/19/2015 which is still pending and which has not been decided in this case. Movant has had phone communication with the Court requesting that the motion be set for hearing all to no avail. On 4/22/2015, Movant sent another request for a hearing or that decision to the made on the Application for Habeas Corpus, a copy of the letter and application for habeas corpus are

Motion to Extend Time 1

attached to this motion. The application for habeas corpus will have a bearing on the Court's review of this case on appeal. Appellant requests an extension of 30 days to file the appellant's brief in this case or at least until the trial court decides the motion for habeas corpus. Additionally, the failure to file the brief before the deadline was not deliberate or intentional but resulted from inadvertence, mistake or mischance: Christopher Graham has been waiting for the trial court to decide the application for habeas corpus which Movant thought would have been heard or decided before 4/27/2015 and said motion has a direct bearing on this court's ability to hear the present case. As a result a reasonable explanation has been provided for this motion for extension of time, and Counsel will be able to file the appellate brief immediately after the trial court decides Movant's Application for Habeas Corpus.

**WHEREFORE, PREMISES CONSIDERED,** Movant has shown a reasonable explanation for the extension request. Appellant requests an extension of filing the appellant brief until the application for habeas corpus has been determined and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

Lauren Graham & Associates PLLC

By: *Christopher L. Graham*
CHRISTOPHER L. GRAHAM
Texas Bar No. 24047549
700 N. St. Mary's Street,
San Antonio, Texas
Tel. and Fax: 210-787-3430

## UNSWORN DECLARATION

"My name is CHRISTOPHER L. GRAHAM; and my address is P.O. Box 226256. I declare under penalty of perjury that the foregoing information contained in the Motion to Extend Time is true and correct. Executed in Dallas County, State of Texas, on the 27th day of April, 2015.

*Christopher L. Graham*
Declarant

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of Motion to Extend time was served on the Comal County District attorney via facsimile 830-608-2008 on 4/27/2015.

*Christopher L. Graham*

## **CERTIFICATE OF CONFERENCE**

Counsel for movant attempted to contact the assistant district attorney regarding the merits of this motion to no avail. The attorney handling this appeal could not be located.

Motion to Extend Time 3

_Christopher Ian [signature]_
_____
Declarant

# LAUREN GRAHAM
## AND ASSOCIATES, PLLC
### ATTORNEYS & COUNSELORS
California | Illinois | New York | Texas

4.22.2015

**VIA CERTIFIED MAIL:7014 2870 0000 9003 4166**
Comal County District Clerk
150 N. Seguin, Suite #304
New Braunfels, Texas 78130

RE: In Re Christopher Graham, Case No. CR2013-366; Application for Habeas Corpus

To Whom It May Concern:

I filed a request for habeas corpus in the above captioned case on 3/19/2015, almost a month has gone by without any hearing being set or any action taken by the court on the application. I have called several times to request a hearing date only to be rebuffed or given the run around. I am requesting a hearing date on my application for Habeas corpus or I am requesting that the court make a decision as soon as possible on the application.

You can reach me anytime via cell phone at 469-605-6846 should you have any questions.

Thank you for your cooperation.

Regards,

Christopher L. Graham, Esq.
LGI PLLC
Lauren Graham & Associates PLLC
State Bar Number: 24047549

## NO. CR2013-366

| | |
|---|---|
| IN RE | ) IN THE 207TH DISTRICT COURT |
| | ) |
| | ) |
| | ) |
| CHRISTOPHER GRAHAM | ) COMAL COUNTY, TEXAS |

## APPLICATION FOR WRIT OF HABEAS CORPUS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes accused, CHRISTOPHER GRAHAM, and makes his Application for Writ of Habeas Corpus Seeking release from confinement and release from the contempt order entered on 4/8/2014, and for good cause shows the following:

1. CHRISTOPHER GRAHAM is illegally confined and restrained of his liberty by the Sheriff of Comal County, Texas; CHRISTOPHER GRAHAM has been released pending appeal of the contempt order on a $5,000 cash bond.

2. CHRISTOPHER GRAHAM confinement and restraint is illegal because bond is excessive, oppressive and beyond the financial means of CHRISTOPHER GRAHAM, in violation of the Eighth and Fourteenth Amendments to the United States Constitution, Article I, §§ 11, 13 and 19 of the Texas Constitution, and Articles 1.09 and 17.15 of the Texas Code of Criminal Procedure. Furthermore the contempt order entered on 4/8/2014 is illegal

3. CHRISTOPHER GRAHAM respectfully requests the Court to conduct an evidentiary hearing and, after receiving evidence, to reduce the amount of bond to a reasonable amount or a personal recognizance bond in order that CHRISTOPHER GRAHAM will have an opportunity to

Application for Writ of Habeas Corpus 1

obtain release on a personal recognizance bond pending the appeal of the erroneous contempt order and that the Court grant the habeas corpus application and vacate the 4/8/2014 contempt order because of due process violations due to the following reasons:

1. Movant committed no acts intentionally disrespectful to the court, or that actually obstructed the administration of justice. The cases at issue were in no way delayed except for by actions of the Court that were independent of the actions of Movant, therefore a finding of contempt in this case was improper.

2. The Court allowed for the admission of the court transcript of all docket activities taking place on 2/25/2014. The recording of the Court transcript from the docket call of 2/25/2014 contained matters from other cases that was irrelevant to the contempt proceeding. Furthermore, it contained inadmissible hearsay. The State was unable to prove any hearsay exception calling for the admissibility of the transcript. The admission of the transcript was improper.

3. The Court did not specify that counsel would be subjected to criminal contempt for failure to announce ready at precisely 9 am at the 2/25/2014 docket call. Additionally, the Court did not state that Movant would be held in contempt by arriving at court shortly after 1:15 pm when it had announced other contested matters to be heard during the afternoon session on 2/25/2014. Furthermore, the court did not indicate in its notice of trial documentation in the State v. Cynthia Browne case that a failure to appear by counsel on 3/27/2013 would result in criminal contempt when Movant had spoken to the court coordinator and was told that the case was not going to trial on 3/31/2014. Therefore, criminal contempt was improper.

4. Movant was not afforded counsel nor informed about a right to counsel in the criminal contempt procedure. Therefore the contempt ruling is in error.

5. Court documentation does not reflect that Movant was properly personally served with the show cause order in either case.

6. Movant was entitled to a jury trial in this contempt action since the punishment that could have been assessed could have been more than 6 months.

7. Punishment of 15 days assessed in this case was draconian, considering that Movant is an officer of the court and has other obligations in other courts. The Court could have and should have considered other alternatives to confinement, such as a fine, community service, house arrest or reporting to confinement on weekends, or work release to name a few.

8. There was no evidence in the record to support a $5,000 cash bond that was assessed in this case. Movant is not a flight risk, dangerous, there are no victims at risk as a result of Movant's actions, there was no evidence that Movant was not dutifully going to pursue appeal in this case or neglect any court appearances. Officers of the court are typically entitled to personal recognizance bonds in contempt matters pending the appointment of an administrative judge. It should be no different on appeal. Movant requests that the cash bond be converted to a personal recognizance bond and that all bond monies be refunded to Movant..

**WHEREFORE, PREMISES CONSIDERED**, CHRISTOPHER GRAHAM prays that the Court grant this application and discharge CHRISTOPHER GRAHAM from such illegal confinement; and/or that CHRISTOPHER GRAHAM be allowed a personal recognizance appeal bond.

Respectfully submitted,

Lauren Graham & Associates PLLC
700 N. St. Mary's Street #1400
San Antonio, Texas
Tel. (210) 787-3430

By: _____

CHRISTOPHER L. GRAHAM
State Bar No. 24047549

## CERTIFICATE OF SERVICE

Ther is to certify that on 3/19/2015 a true and correct copy of the above and foregoing document was

served on the District Attorney's Office, Comal County, Texas via facsimile 830-608-2008 .

_____

UNSWORN DECLARATION

"My name is CHRISTOPHER GRAHAM. I declare under penalty of perjury that the foregoing information contained in the Application for Habeas Corpus is true and correct to the best of my knowledge. Executed in County, State of Texas, on the 18th day March, 2015

_____
Declarant

Application for Writ of Habeas Corpus                    4

| | | |
|---|---|---|
| **IN RE** | ) | **IN THE 207TH   DISTRICT COURT** |
| | ) | |
| | ) | |
| | ) | |
| **CHRISTOPHER GRAHAM** | ) | **COMAL COUNTY, TEXAS** |

## **O R D E R**

On _____, 2015, came on to be considered the Application for Writ of Habeas Corpus in

the above styled and numbered cause, and said Application is hereby (GRANTED) (DENIED).

Accordingly, the contempt order of 4/8/2014 is vacated.

Signed on _____.

_____

JUDGE PRESIDING